UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK MCCARTHY,

    Plaintiff,

                                                   Case No. 06-10136

v.

                                                   Hon. John Corbett O'Meara

LYNN M. GALLAGHER, *et al.,*

    Defendants.

_____/

## ORDER GRANTING MOTIONS TO DISMISS

       Before the court are several motions to dismiss Plaintiff's complaint filed by Defendants Larry M. Friedberg, the Psychological Institutes of Michigan, P.C., Ellen Starr, Cynthia Denham, Oakland Family Services, the Honorable Joan E. Young, the Honorable Wendy L. Potts, the Sixth Judicial Circuit Court, Carole Boyd, the Oakland County Friend of the Court, Colleen Ronayne, and Lynn M. Gallagher. Plaintiff has filed responses to these motions as well as motions of his own, including motions to amend his complaint, strike pleadings, and for default judgment. Pursuant to Local Rule 7.1(e)(2), the court will rule on all pending motions without oral argument.

       In his complaint, Plaintiff, Patrick McCarthy alleges that the various defendants conspired with each other to wrongfully terminate his parenting time with his two children. The complaint contained numerous state law claims, over which the court declined to exercise supplemental jurisdiction. The court dismissed Plaintiff's state claims on January 24, 2006. The only remaining claim alleges civil violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO") against all of the defendants. Essentially, Plaintiff asserts that each

of the defendants had a role in wrongfully terminating his parenting time with his children and that "had any one of the Defendants performed their perfunctory duties, Plaintiff's parenting time would not have been terminated and this complaint would not exist." Compl. at ¶ 99.

Defendants have filed several motions to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants have raised various grounds for dismissal, including that some of the defendants are immune from suit. The court will focus, however, on whether Plaintiff can state a RICO claim, which is a dispositive issue common to all defendants. Under Rule 12(b)(6), "the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988) (citations omitted); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957). To survive dismissal under Rule 12(b)(6), a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid, 859 F.2d at 436 (citations omitted).

"RICO is designed to give prosecutors an additional weapon against organized crime and to help protect legitimate businesses from infiltration by racketeers." Drake v. B.F. Goodrich Co., 782 F.2d 638, 644 (6th Cir. 1986). In order to have standing to bring a civil RICO claim, a plaintiff must be "injured in his business or property." Id.; 18 U.S.C. § 1964(c). The statute provides: "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including reasonable attorney fees." 18 U.S.C. § 1964(c).

"The overwhelming weight of authority discussing the RICO standing issue holds that the 'business or property' language of Section 1964(c) does not encompass personal injuries." Burnett v. Al Baraka Invest. and Dev, Corp., 274 F. Supp. 2d 86, 101 (D.D.C. 2003) (citing cases). Even pecuniary losses that are derivative of personal injuries are not "business or property" injuries under RICO. Id.; Drake, 782 F.2d at 644 (rejecting argument that a "cause of action should be granted to anyone suffering pecuniary injury as a direct result of a violation of RICO's substantive provisions").

In this case, Plaintiff does not allege any injury to his business or property. Rather, his primary complaint is that defendants "have successfully tried to come between the Plaintiff and his children" and that his parenting time was wrongfully terminated. See Compl. at ¶¶ 98-102. Such injury is of a personal nature and does not relate to Plaintiff's business or property. Accordingly, even when taken as true and viewed in the light most favorable to Plaintiff, the allegations in the complaint do not state a RICO claim.

Plaintiff has requested leave to amend his complaint pursuant to Rule 15(a). Although leave "shall be freely given when justice so requires," the court may deny leave if amendment would be futile. See Thiokol Corp. v. Department of Treas., State of Michigan, 987 F.2d 376, 383 (6th Cir. 1993) ("[W]here a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment."). In the present case, Plaintiff has not explained how he can remedy the fatal deficiency in his complaint – that he cannot allege injury to his "business or property." Plaintiff has not proposed an amendment that can resurrect his RICO claim. Therefore, amendment would be futile and Plaintiff's motion to amend is denied.

IT IS HEREBY ORDERED THAT:

Defendants Ellen Starr, Cynthia Denham, and Oakland Family Services' February 6, 2006 Motion to Dismiss [Docket # 21] is GRANTED.

Defendants Larry M. Friedberg and Psychological Institutes of Michigan, P.C.'s February 8, 2006 Motion to Dismiss [Docket # 24] is GRANTED.

Defendant Lynn M. Gallagher's February 28, 2006 Motion to Dismiss [Docket # 35] is GRANTED.

Defendants Carole Boyd, Oakland County Friend of the Court, Joan E. Young, Wendy L. Potts, and Sixth Judicial Circuit Court's January 30, 2006 Motion to Dismiss [Docket # 20] is DENIED AS MOOT.

Defendant Colleen Ronayne's March 15, 2006 Motion to Dismiss [Docket # 46] is DENIED AS MOOT.

Plaintiff's February 9, 2006 Motion for Default Judgment [Docket # 25] as to Ellen Starr, Cynthia Denham, Oakland Family Services, and Colleen V. Ronayne is DENIED.

Plaintiff's February 10, 2006 Motion for Injunctive Order and Motion for Order to Strike Answer to Complaint [Docket #29] is DENIED.

Plaintiff's February 15, 2006 Motion to Strike Late and Frivolous Pleadings [Docket #30] is DENIED.

Plaintiff's March 6, 2006 Motion to Strike Motion to Dismiss [Docket # 40] is DENIED.

Plaintiff's March 6, 2006 Motion for Default Judgment as to Colleen V. Ronayne [Docket # 41] is DENIED.

Plaintiff's March 10, 2006 Motion for Leave to File an Amended Complaint [Docket # 42] is DENIED.

SO ORDERED.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: April 18, 2006