UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK MCCARTHY,

    Plaintiff,

                                    Case No. 06-10136

v.

                                    Hon. John Corbett O'Meara

LYNN M. GALLAGHER, *et al.,*

    Defendants.

_____/

**ORDER GRANTING DEFENDANT COLLEEN RONAYNE'S**
**MOTION FOR RULE 11 SANCTIONS**

Before the court is Defendant Colleen Ronayne's motion for Rule 11 sanctions, filed April 6, 2006. Plaintiff, Patrick McCarthy, appearing pro se, filed a response on April 13, 2006. Defendant submitted a reply brief in April 20, 2006. Pursuant to LR 7.1(e)(2), the court will decide this matter without oral argument.

In his complaint, Plaintiff alleges that the various defendants, including his former wife and two Oakland County Circuit Court judges, conspired with each other to wrongfully terminate his parenting time with his two children. The complaint contained numerous state law claims, over which the court declined to exercise supplemental jurisdiction. The court dismissed Plaintiff's state claims on January 24, 2006. The court further dismissed Plaintiff's only remaining claim, which alleged civil violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), on April 18, 2006.

In support of his RICO claim, Plaintiff asserted that each of the defendants had a role in wrongfully terminating his parenting time with his children and that "had any one of the Defendants performed their perfunctory duties, Plaintiff's parenting time would not have been

terminated and this complaint would not exist." Compl. at ¶ 99. As the court found in its April 18 Order, Plaintiff cannot allege a crucial element of a RICO claim, that he suffered injury to his business or property. As a result, the court dismissed Plaintiff's RICO count for failure to state a claim under Rule 12(b)(6).

Defendant Colleen Ronayne is the guardian ad litem, appointed by the state court, for Plaintiff's children. Ronayne contends that she is entitled to Rule 11 sanctions against Plaintiff because (1) he failed to properly serve her with process, then attempted to obtain a default judgment against her; and (2) his complaint lacks legal basis because Ronayne is immune from suit.

The court has already determined that Plaintiff's RICO claim lacks legal basis because he has not and cannot allege any injury to his business or property; rather, Plaintiff alleges only personal injuries. Rather than substantively respond to Ronayne's motion for sanctions, Plaintiff baldly disparages her as "a dishonest attorney with no respect for the law or this Court." Pl.'s Resp. at ¶ 4. Plaintiff's own papers, which indicate that Ronayne was served by U.S. Mail, demonstrate that Ronayne was not properly served in this matter, as service by U.S. Mail does not comply with Rule 4. Further, Ronayne is correct that she is absolutely immune from suits arising from her role as guardian ad litem:

> A guardian ad litem must also be able to function without worry of possible later harassment and intimidation from dissatisfied parents. Consequently, a grant of absolute immunity would be appropriate. A failure to grant immunity would hamper the duties of a guardian ad litem in his role as an advocate for the child in judicial proceedings.

Kurzawa v. Mueller, 732 F.2d 1456, 1458 (6th Cir. 1984). Although Plaintiff contends that Kurzawa applies only to cases brought pursuant to 42 U.S.C. § 1983, the reasoning behind that

decision, as quoted above, indicates otherwise.

Although the court will not hold Plaintiff to the same standard as a licensed attorney, unrepresented parties are nonetheless subject to the requirements of Rule 11.  By filing and signing a pleading, "an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the claims defenses or other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . . ." Fed. R. Civ. P. 11(b).  See Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor, 875 F.2d 1224, 1229 (6th Cir. 1989) (stating that "good faith is not a defense" to Rule 11 violation and that the court judges the conduct by "an objective standard of reasonableness under the circumstances").

It is clear that Plaintiff made no objectively reasonable inquiry into the legal basis of his RICO claim or whether he was able to sue judicial and quasi-judicial officers such as Ronayne before filing his complaint.  The court notes that Plaintiff has also filed several motions against Ronayne and other defendants, including motions for default judgment and motions to strike, which had no legal basis.  Further, Plaintiff's response to Ronayne's motion contains unsupported allegations that Ronayne is a "dishonest attorney" and that she "fraudulently alleged" that guardian ad litems have absolute immunity.  Such vitriol is unacceptable in this court.

Having found that Plaintiff violated Rule 11, the court must determine the appropriate sanction.  A sanction under Rule 11 may include reasonable attorney fees.  "The principal goal of Rule 11 sanctions is deterrence with compensation being a secondary goal." Orlett v.

Cincinnati Microwave, Inc., 954 F.2d 414, 419 (6th Cir. 1992).

> In determining an appropriate sanction under amended Rule 11, the court should consider the nature of the violation committed, the circumstances in which it was committed, the circumstances (including the financial state) of the individual to be sanctioned, and those sanctioning measures that would suffice to deter that individual from similar violations in the future. The court should also consider the circumstances of the party or parties who may have been adversely affected by the violation.

Id. at 420. The Sixth Circuit has also stated that "[e]quitable considerations and the 'least severe sanction adequate to serve the purpose' should be factors in the sanction determination." Id. at 420.

In order to fashion the least severe sanction adequate to deter Plaintiff from filing further papers without legal basis, the court requires additional information from both parties, to be submitted within ten days of the date of this order. Defendant Ronayne will submit an affidavit detailing her attorney fees and costs incurred in this action. Plaintiff will submit an affidavit regarding his financial state, including his annual income and expenses.

SO ORDERED.

IT IS FURTHER ORDERED that Defendant Ronayne's April 6, 2006 motion for Rule 11 sanctions is GRANTED.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: April 25, 2006