UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK MCCARTHY,

    Plaintiff,

                                        Case No. 06-10136

v.

                                       Hon. John Corbett O'Meara

LYNN M. GALLAGHER, *et al.,*

    Defendants.
_____/

**ORDER AWARDING SANCTIONS
TO DEFENDANT COLLEEN V. RONAYNE**

On April 25, 2006, the court granted Defendant Colleen V. Ronayne's motion for sanctions against Plaintiff. The court did not determine the amount of sanctions, but requested additional information from the parties. Plaintiff has submitted an affidavit regarding his financial status; Defendant Ronayne has submitted an affidavit regarding the amount of attorney's fees she incurred in defending this case.

As the court noted in its order granting Defendant's motion for sanctions, a sanction under Rule 11 may include reasonable attorney fees. "The principal goal of Rule 11 sanctions is deterrence with compensation being a secondary goal." Orlett v. Cincinnati Microwave, Inc., 954 F.2d 414, 419 (6th Cir. 1992).

> In determining an appropriate sanction under amended Rule 11, the court should consider the nature of the violation committed, the circumstances in which it was committed, the circumstances (including the financial state) of the individual to be sanctioned, and those sanctioning measures that would suffice to deter that individual from similar violations in the future. The court should also consider the circumstances of the party or parties who may have been adversely affected by the violation.

Id. at 420.  The Sixth Circuit has also stated that "[e]quitable considerations and the 'least severe sanction adequate to serve the purpose' should be factors in the sanction determination." Id. at 420 (citation omitted).

The court has reviewed Plaintiff's representations regarding his financial status and notes that Defendant has incurred $4,797 in attorney fees.  In light of Plaintiff's status as a pro se litigant, his financial status, and the fact that the court is not aware of any previous Rule 11 violations on his part, the court finds that a sanction in the amount of $1,000 is the least severe sanction that should deter Plaintiff from committing similar violations in the future, while accomplishing the secondary goal of providing some compensation to Defendant.

Therefore, IT IS HEREBY ORDERED that Plaintiff shall pay Rule 11 sanctions in the amount of $1,000 to Defendant Colleen Ronayne.

    s/John Corbett O'Meara
    John Corbett O'Meara
    United States District Judge

Dated:  June 7, 2006