UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK MCCARTHY,

     Plaintiff,

                                  Case No. 06-10136

v.

                                  Hon. John Corbett O'Meara

LYNN M. GALLAGHER, *et al.,*

     Defendants.

_____/

**OPINION AND ORDER**

     Before the court are the following motions: (1) Plaintiff's motion for sanctions against Defendant Ronayne, filed June 8, 2006; (2) Plaintiff's motion for sanctions against Defendants Friedberg, Psychological Institutes of Michigan, P.C., and Gallagher, filed June 8, 2006; (3) Plaintiff's motion for clarification of court order denying motions for reconsideration, filed June 15, 2006; (4) Plaintiff's motion to compel the court to order sanctions against Defendant Ronayne, filed June 19, 2006; (5) Defendant Gallagher's motion to dismiss and for sanctions (which the court will also construe as a response to Plaintiff's motion for sanctions), filed June 20, 2006; and (6) Defendants Friedberg and Psychological Institutes of Michigan, P.C.'s counter-motion for sanctions (and response to Plaintiff's motion), filed June 20, 2006. Defendant Colleen V. Ronayne filed a response to Plaintiff's motions for sanctions against her on June 20, 2006.

**I.    Plaintiff's Motions for Sanctions against Ronayne**

     In response to a motion filed by Defendant Ronayne, this court has sanctioned Plaintiff in

-1-

the amount of $1000 for filing a frivolous complaint and baseless motions. Subsequently, in two additional motions, Plaintiff contends that the court should award sanctions against Defendant Ronayne for various reasons. Specifically, Plaintiff argues that Ronayne's motion for sanctions against him was "manifest with false representations of fact, law, and Plaintiff [sic] wrongdoing." Pl.'s Br. at 3. In fact, however, the "false allegations" Plaintiff has raised are true, either as a matter of fact or law.

For example, Plaintiff contends that Ronayne "falsely alleges" that service of the complaint was defective. Plaintiff believes, incorrectly, that the fact that Ronayne may have actually received the papers renders service proper. It is well-established law, however, that service must be accomplished as directed in Rule 4 of the Federal Rules of Civil Procedure, and that service by regular mail (as Plaintiff admits to here) is insufficient. Further, it is clear that courts "will not allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4." LSJ Investment Co., Inc. v. OLD, Inc., 167 F.3d 320, 322 (6th Cir. 1999).

Plaintiff also argues that Ronayne "falsely alleges" that Plaintiff's complaint was dismissed against all Defendants. The court indeed dismissed Plaintiff's complaint against all Defendants on April 18, 2006. Defendant Ronayne's motion to dismiss, which raised different issues than those addressed by the court, was denied as moot. This means that the court gave Ronayne the relief she sought without addressing the specific reasons she raised in her motion. It was not necessary for the court to address the issues raised in Ronayne's motion because Plaintiff's failure to state a civil RICO claim (because he failed to assert an injury to his business or property) rendered his complaint fatally defective as to all Defendants.

Plaintiff's other claims of "false allegations" are similarly baseless. Accordingly, the

-2-

court declines to grant sanctions against Defendant Ronayne.

## II.        Plaintiff's Motion for Sanctions against Friedberg and Gallagher

Defendants Larry M. Friedberg, Psychological Institutes of Michigan, P.C., and Lynn M. Gallagher filed motions for Rule 11 sanctions against Plaintiff.  The court denied those motions because the Defendants failed to comply with the rule's "safe harbor" requirement.  Now, Plaintiff seeks sanctions against these Defendants for filing their motions for sanctions.  Plaintiff asserts that Defendants' motions were "fatally defective both procedurally and factually" and that they are "manifest with false representations of fact and law." Pl.'s Br. at 3.  Plaintiff provides no specifics regarding the alleged "false representations," nor does Plaintiff explain how Defendants' motions violated Rule 11.  Plaintiff's motion for sanctions against these Defendants is devoid of factual or legal support and will be denied.

## III.       Plaintiff's Motion for Clarification

Plaintiff also takes issue with the court's order denying his motions for reconsideration of the orders dismissing his complaint and awarding sanctions.  The court summarily denied Plaintiff's motions for reconsideration, because Plaintiff did not raise any issue or cite any legal authority that warranted reconsideration.  Plaintiff's latest motion for clarification similarly lacks merit.  To the extent Plaintiff disagrees with the court's legal conclusions, his recourse is at the Court of Appeals.

## IV.       Gallagher and Friedberg's Motions for Sanctions against Plaintiff

Defendants Friedberg, Psychological Institutes of Michigan, and Gallagher seek sanctions against Plaintiff in response to his motion for sanctions against them.  In essence, Defendants contend that Plaintiff is vexatiously multiplying this litigation for the purpose of

-3-

harassment.  Indeed, Plaintiff continues to file baseless motions and to use needlessly inflammatory and inappropriate language in reference to both the Defendants and the court. Plaintiff also registered his displeasure regarding the court's orders by leaving a voice mail message for the court clerk that he was "tired of getting this f—ing garbage in the mail."

The court will give Plaintiff a final opportunity to comprehend that his complaint has been dismissed, in full and with prejudice, and that there is no further procedure that will give him relief from this court.  To the extent Plaintiff continues to file baseless and frivolous motions, or to behave in an abusive manner to court staff, the court will consider further sanctions, including monetary sanctions and enjoining Plaintiff from filing further papers absent court permission.  At this time, the court will deny Defendants' motions for sanctions, without prejudice – which means that Defendants may refile in the event Plaintiff files any additional baseless motions.

IT IS HEREBY ORDERED that Plaintiff's June 8, 2006 Motion for Sanctions against Defendant Ronayne [docket # 78] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's June 8, 2006 Motion for Sanctions against Friedberg, Psychological Institutes of Michigan, and Gallagher [docket # 79] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's June 15, 2006 Motion for Clarification [docket # 80] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's June 19, 2006 Motion to Compel the Court to Order Sanctions against Defendant Ronayne [docket # 81] is DENIED.

IT IS FURTHER ORDERED that Defendant Gallagher's June 20, 2006 Motion to Dismiss [docket # 83] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendants Friedberg and Psychological Institute of Michigan, P.C.'s June 20, 2006 Counter-Motion for Sanctions [docket # 84] is DENIED WITHOUT PREJUDICE.


Dated:  June 28, 2006                          s/John Corbett O'Meara

                                               John Corbett O'Meara
                                               United States District Judge